Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0244 | **DATE** | 1-23-2012 |
| **CASE TITLE** |  | Doiakah Gray (#K-70373) vs. Imhotep Carter, et al. | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $20.90 from his account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk is directed to issue summonses for service on Defendants by the Marshals Service. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■ [For further details see text below.]      **Docketing to mail notices.**

## STATEMENT

    Plaintiff Doiakah Gray, an Illinois state prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Gray claims that Defendants, the warden and health care providers at the Stateville Correctional Center, violated his constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Gray alleges that Defendants failed to provide proper care and treatment for the crippling pain and other symptoms associated with the plaintiff's degenerative temporomandibular joint disorder (or "TMJ").

    Gray's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Gray is assessed an initial partial filing fee of $20.90. The trust fund officer at Gray's place of incarceration is authorized and ordered to collect the partial filing fee from his trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Gray's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly **(CONTINUED)**

    mjm

| STATEMENT (continued) |
|---|

identify Gray's name and this case number. This payment obligation will follow Gray wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the complaint's allegations as true, Gray has articulated a colorable federal cause of action. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of, and consciously disregard, the inmate's medical need. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011). A "serious" medical condition is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *See Edwards v. Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007); *Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

At this stage of the proceedings, and again taking the complaint's allegations at face value, Gray's TMJ, which he maintains has caused pain, numbness, migraines, swelling, and other symptoms, is "serious" for purposes of Eighth Amendment analysis. While a more fully developed record may show that Gray has no serious medical condition, or that he has received constitutionally adequate medical care, the complaint survives threshold review.

The Clerk shall issue summonses forthwith and send Gray a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The Marshals Service is appointed to serve Defendants. The Marshals Service shall send Gray any appropriate service forms; Gray shall complete those forms and return them to the Marshals Service. The Marshals Service is directed to make all reasonable efforts to serve Defendants. With respect to any former correctional employee who no longer can be found at the work address provided by Gray, the Illinois Department of Corrections and/or Wexford Health Sources, Inc., shall furnish the Marshals Service with that defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise], and any documentation of the address shall be retained only by the Marshals Service. Address information shall not be maintained in the court file and shall not be disclosed by the Marshals Service. The Marshals Service is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Gray is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Gray must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Gray must send an exact copy of any court filing to Defendants **(CONTINUED)**

(or to defense counsel, once an attorney has entered an appearance on behalf of Defendants). Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court.

Gray's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *See Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id*. at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id*. at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, Gray has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support his claims are so complex or intricate that a trained attorney is necessary. Gray is a highly experienced litigator, having filed at least nine civil rights actions in the past two years; moreover, his initial submissions are coherent and articulate. He therefore appears more than capable of presenting his case. Consequently, Gray's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, Gray may renew his motion.