UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

FILED

OCT 1 1 2013

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

---

DOIAKAH GRAY,

   Plaintiff,

V.

IMHOTEP CARTER, et al.

   Defendants.

Case No. 12 C 244

Judge. Gary Feinerman

---

## MOTION FOR AN ORDER

## COMPELLING DISCOVERY

   NOW COMES, DOIAKAH GRAY, pro se, pursuant to Rule 37 of the Federal Rules of Civil Procedure, requesting that this Court issues an order compelling the defendants Imhotep Carter, and Wexford Health Sources Incorporated produce requested discovery:

   In Support the Plaintiff states as follows:

   1. Plaintiff moves this Court for an Order Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure to compell the defendants Imhotep Carter ("Carter") and Wexford Health Sources Incorporated ("Wexford") to Produce for inspection and copying the following documents:

      (a) "Any and all contracts, contract related documents between Wexford

1

Health Sources, Inc. and the Illinois
Department of Corrections and/
or the State of Illinois". (See
attached, Exhibit-A, paragraph 3).

(b) "Any and all medical Policies,
guidelines, primary care guidelinesPolicies,
and pain management guidelines. (See
attached, Exhibit-B, paragraph 4).

(c) Any and all dental policies and
maxillofacial guidelines (see
attached, Exhibit-B, Paragraph 4).

(d) Answers to the Plaintiff's Submissions
for interrogatories submitted to Carter
and Wexford.

2. On August 31, 2012, the plaintiff submitted his first written request
for the documents, above (See attached, Exhibit-A, Page 3, Certificate of Service).
However, the defendants have failed to produce the requested documents.

3. On October 23, 2012, the Plaintiff submitted his second written request
for documents (See attached, Exhibit-B, Page 3, Certificate of Service).
However the defendants have failed to answer the Plaintiff's discovery
requests and interrogatories.

4. The requested documents are essential to the Plaintiff's litigation.
The Plaintiff requests the contract between Wexford and I.D.O.C.
the contract will substantiate that Wexford was required to
provide and supervise all dental services in IDoc facilities including
Stateville.

5. The contract will also substantiate that the defendant Carter. Stateville's Medical Director was required to ensure that dental services were adequately provided to inmates and to supervise the delivery of dental care at Stateville.

6. " The Seventh Circuit has held that a private corporation, like Wexford, that contracted to provide medical services, could be held liable for deliberate indifference to the Plaintiffs medical needs, based on evidence that the corporation had a pratice of ignoring its written policies and contractual obligations. WOODWARD V. CORR. MED. SERVS. OF ILL. INC.. 368 F.3d 917 (7th Cir. 2004)." (See Mc DONALD V. GHOSH, et al Case No. 09 C 5302 [Judge Joan B. Gottschall's OPINION AND ORDER, Document No. 120, pages-2-3])[1].

7. In addition, the Plaintiff requests Wexford's written medical policies. It is the Plaintiff's position that Carter failed to enforce and adhere to these policies. Defendants.... failure to implement its written policies was relevant to the Eight Amendment Claim. WOODWARD. Id. at 930.

8. Mc DONALD[1] is an identical claim to the Plaintiffs. Mc DONALD brought his claim against Stateville' former Medical Director Dr. Ghosh, and Wexford. Plaintiff's claims are against Stateville's former Medical Director Dr. Carter and Wexford. In both matters, both Medical Directors failed to ensure the delivery of dental care and supervise the dental department.

---

1. Attached hereto as Exhibit-C, for this Court's convenience.

9. As found in Judge Gottschalls opinion and order[1] Wexford is contractually obligated to ensure and supervise all dental care at Stateville. See order[1], pages 1-2. [illegible]

10. McDONALD was able to substantiate his claims because he had the contract between Wexford and IDOC and Wexford written policies.

11. In addition, the Plaintiff has to have his first and second sets of interrogatories answered to substantiate that Carter and Wexford did not supervise and ensure dental care at Stateville.

12. The Plaintiff needs these essential discovery requests to litigate his claims and prepare for trial.

13. On September 12, 2013, the Plaintiff contacted the defendants seeking to receive discovery. See Local Rule 37.2 (attached, Exhibit-D).

14. Also, the Plaintiff request that all interrogatories be answered.

WHEREFORE, the Plaintiff Prays that this Court issues an order compelling discovery within 14 days.

DOIAKAH GRAY
PLAINTIFF
PRO SE

4

E X H I B I T - A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOIAKAH GRAY,                          )
    Plaintiff,                      )
                            )
                            )
V.                                     )  Case No. 12 C 0244
                            )  Judge Gary Feinerman
                            )
IMHOTEP CARTER, et.al.,                )
    Defendants.                     )

## PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiff request that defendant Imhotep Carter produce for inspection and copying the following:

1. Any and all records, documents, forms, and paperwork found within the plaintiff's prison master file.

2. Any and all medical and dental records, medical reports, forms, requests, and or identifiable health information regarding the plaintiff that is in the possession of the defendant or can be obtained by the defendant.

3. Any and all Contracts, Contract related documents between Wexford Health Sources, Inc. and the Illinois Department of Corrections and/or the State of Illinois.

4. Any and all financial documentation used or related to the treatment of inmates at Stateville Correctional Center through ~~January~~ 4, 2010 - July 1, 2012.

5. Any and all rules, regulations, policies, documents, by-laws used by Wexferd related to the treatment of inmates.


Doiakah Gray
Plaintiff
Pro Se

Doiakah Gray

    v.

Imhotep Carter, et al

)
)  Case No. 12 C 0244
)

## CERTIFICATE OF SERVICE

On August 31, 2012, I, Doiakah Gray, caused a copy of the Plaintiff's first submission of Interrogatories and Plaintiff's first request for production of documents to be sent to William Michael LeCrone at Charysh & Schroeder 33 North Dearborn St, Suite 800 Chicago, IL 60602

Doiakah Gray
Plaintiff, pro se

SUBSCRIBED AND SWORN TO BEFORE
ME, THIS 31st DAY of AUGUST 2012

    NOTARY PUBLIC

OFFICIAL SEAL
TYNEER N. BUTLER-WINTERS
Notary Public - State of Illinois
My Commission Expires Jan 20, 2015

EXHIBIT-B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT of ILLINOIS

EASTERN DIVISION

DOIAKAH GRAY,                           )
    Plaintiff,                      )
                                   )
                                   )
V.                                      )  Case No. 12 C 0244
                                   )  Judge Gary Feinerman
IMHOTEP CARTER, et al.,                 )
    Defendants.                     )

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiff request that defendants Imhotep Carter and Wexford Health Sources, Inc, produce for inspection and copying the following:

1. Any and all medical policies, guidelines, procedures, and protocals used and/or inacted by Wexford used for the medical treatment of inmates at Stateville Correctional Center.

2. Any and all medical policies, guidelines, procedures and/or manuals used by Physicians, physicians' assistants and any and all Wexford employees employed at Stateville Correctional Center that serve as a reference guideline, policy, procedure and/or manual used for the medical treatment of inmates Stateville Correctional center.

3. Any and all medical policies, guidelines, procedures and/or manuals that have been developed and/or maintained by the "Medical Advisory

Committee of Wexford Health Sources, Inc., that are intended to serve as a reference tool for physicians, physicians' assistant's and/or any and all Wexford employees employed at Stateville Correctional Center.

4. Any and all medical policies, guidelines, procedures and/or dental policies, oral and maxillofacial surgery guidelines, primary care guidelines policy, neurology guidelines, and pain management guidelines as well as any and all related manuals used and/or issued by Wexford Health Sources for the treatment of inmates at Stateville Correctional Center by any Wexford employee at Stateville Correctional Center.

5. Any and all chronic care policies, guidelines, procedures, and/or manuals used and/or given for review as reference guidelines for Wexford employees employed at Stateville Correctional Center.

6. Any and all "Medical Director Orientation Manuals", policies, guidelines, procedures used by and/or given to medical directors employed by Wexford at Stateville Correctional Center and/or Orientation Manuals for medical directors created by Wexford, and/or or the "Medical Advisory Committee of Wexford Health Sources, Inc.

7. Any and all patient education manuals, policies, guidelines, and/or procedures used by and/or given to Wexford employees employed at Stateville Correctional Center.

Doiakah Gray
Plaintiff
Pro se

DOIAKAH GRAY

v.

Imhotep Carter, et.al.,

) 
) Case No. 12C0244
)

## CERTIFICATE OF SERVICE

On October 19, 2012, I Doiakah Gray caused a copy of the Plaintiff's Second request for production of documents to be sent to William Michael LeCrone at Charysh & Schroeder 33 North Dearborn St, Suite 1300 Chicago, IL 60602

Doiakah Gray
Plaintiff, Pro Se

SUBSCRIBED AND SWORN TO BEFORE
ME THIS 23 DAY OF OCTOBER 2012

NOTARY PUBLIC

OFFICIAL SEAL
TYNEER N. BUTLER-WINTERS
Notary Public - State of Illinois
My Commission Expires Jan 20, 2015

EXHIBIT-C

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DONALD LEE MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| v. ) | |
| ) | |
| PARTHASARATHI GHOSH, WEXFORD ) | Case No. 09 C 5302 |
| HEALTH SOURCE INC., Assistant Warden ) | |
| HOSEY, and Doctor SANDERS, Dentist, ) | |
| ) | |
| Defendants. ) | |

### OPINION & ORDER

Plaintiff Donald Lee McDonald, an inmate incarcerated at Stateville Correctional Center ("Stateville"), brought a complaint under 42 U.S.C. § 1983 alleging Defendants Wexford Health Source Inc. ("Wexford") and Parthasarathi Ghosh (collectively, "Defendants") violated his constitutional rights under the Eighth Amendment by acting with deliberate indifference to his need for adequate dental care. Defendants[1] have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because there remain genuine disputes as to material facts, the motion is denied.

### I. INTRODUCTION

The parties agree for the purposes of this motion that Defendants are state actors and that McDonald has serious gum disease for which he has received inadequate treatment. Wexford has a contract ("the contract") with the Illinois Department of Corrections ("IDOC") to provide medical services in IDOC facilities including Stateville. The contract requires that Wexford

---

[1] Warden Hosey was dismissed, and is no longer a part of this action. It appears that Doctor Sanders has never been served, so he is also dismissed from the case. The moving Defendants are therefore the only defendants left in the case.

provide all dental care and ensure all care is adequately provided. Despite the contract terms, IDOC, rather than Wexford, employed four of the five dentists at Stateville as well as the Dental Director, Dr. Jackie Mitchell, and Ghosh deferred any supervision of the dental staff to her. Defendants argue that the practice at Stateville is that they are not responsible for dental treatment, and so cannot be held liable for deliberate indifference.

Defendants were contractually obligated to provide for and supervise all care, and ensure its adequacy; their admitted failure to do so does not entitle them to summary judgment. A detainee can prevail on a claim of deliberate indifference "by demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1041 (7th Cir. 1998). McDonald's claims that Ghosh and Wexford were deliberately indifferent to his serious medical needs can proceed to a jury.

In the motion for summary judgment, Ghosh argues that he was not sufficiently involved in McDonald's care to be held liable. McDonald has presented evidence that Ghosh did nothing to ensure that McDonald's serious dental problem was addressed despite the fact that Ghosh personally saw McDonald's tooth problem and also reviewed his grievance about inadequate dental care. Under Seventh Circuit precedent, McDonald's evidence that Ghosh responded to his grievance without attempting to address his needs, if credited by a jury, would be sufficient to find Ghosh liable for deliberate indifference to McDonald's serious medical needs.

Ghosh admitted that he had a practice of not supervising the dental care, and of reviewing patients' charts only to confirm that they had seen a dentist rather than for the adequacy of care. These practices do not meet his obligations under the contract. The Seventh Circuit has held that a private corporation, like Wexford, that contracted to provide medical services, could be held

liable for deliberate indifference to the plaintiff's medical needs, based on evidence that the corporation had a practice of ignoring its written policies and contractual obligations. *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917 (7th Cir. 2004). Wexford attempts to distinguish *Woodward* largely on the grounds that, in practice at Stateville, the state was providing for and supervising the dental care. This only suggests that a question remains for the jury – whether, in light of the IDOC staff in place, Wexford's and Ghosh's practice of not ensuring that the provided dental care was adequate constituted deliberate indifference. McDonald has provided enough evidence of Wexford's corporate liability to survive summary judgment.

## II. BACKGROUND

### A. McDonald's treatment

The following facts are agreed upon unless otherwise noted. McDonald's dental expert testified, and Defendants do not contest for the purposes of this motion, that McDonald suffers from serious and rapidly advancing gingivitis and periodontal disease, including tooth loss, progressive bone loss and chronic infection, and dental treatment at Stateville was seriously deficient.

McDonald testified that he showed Ghosh a hole in his tooth and requested treatment and a referral, because all the dentists he saw were "telling me they don't treat gum disease." (P.'s Resp. Ex. 9 (McDonald Dep. at 75:2-3).) McDonald testified that Ghosh responded "there was nothing he could do." (*Id.* at 74-77.) Ghosh testified that he does not recall ever meeting McDonald, and so presumably does not recall such a conversation.

The parties do not dispute that McDonald filed a grievance about his medical and dental care. The grievance was not submitted to the court, apparently because it has been lost. After having reviewed the grievance and McDonald's medical records, Ghosh sent a memorandum to

3

Stateville counselor Shirley Roberts regarding the grievance, dated May 31, 2007. The memorandum includes one sentence about McDonald's dental care: "He was seen by dental service on 1/30/07 and 3/8/07." (Ds.' SOF Ex. D (Ghosh Letter), ECF No. 91.) Ghosh's memorandum does not reflect the substance of McDonald's dental records, apart from noting the dates of two dental visits. That was consistent with Ghosh's general practice in reviewing dental grievances; he never reviewed the substance of the dental care received, only whether or not the patient's chart reflected that the patient saw a dentist. The Grievance Officer's Report about the grievance states that, based on the representations in Ghosh's May 31, 2007 memorandum, the issue had been resolved. The report states, "This Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis." (Compl. at 38, ECF No. 1.)

### B. Wexford's written policies and its practices at Stateville

The contract required that Wexford "shall arrange for the provision of" medical care, including dental care, to inmates at Stateville. (P.'s Resp. Ex. 3 (the contract at § 2.2.3), ECF No. 100.) Notwithstanding the contract language, four of the five dentists located at Stateville are employed by the State of Illinois, and one is employed by Wexford.

The contract required that Wexford appoint a Wexford employee at each Center, including Stateville, as the "On-site Medical Director . . . who provides services as a lead worker for staff in the Center health care unit" and who "shall plan, implement, direct and control all clinical aspects of the health care program." The contract §§2.1.18, 2.4.2.1. Though Ghosh had no dental expertise, Ghosh served as the On-site Medical Director at Stateville from 2004-2011. Ghosh admitted he "did not supervise Stateville dentists in their day-to-day activities, or how they managed their patients," and did "not question the dentists' expertise." (Ds.' statements of fact ("SOF") ¶ 24, 26, ECF No. 91.) At Stateville, the dentists are not supervised by a Wexford

4

employee.

The contract also provided that Wexford "shall ensure that *all* medical services are provided in accordance with medically accepted community standards of care." The contract § 2.3.1 (emphasis added). Ghosh testified that he reviewed many grievances. If a patient had a complaint about not seeing a dentist, Ghosh would sometimes review his chart, but only for the purpose of determining if he had been seen by dental services. Ghosh testified that he knew the contract existed, but never requested to see it, and Wexford did not provide a copy of the contract to him.

In addition to the contract, Wexford has a manual entitled "Wexford's Medical Policies and Procedures" ("the manual") for its medical staff, including dentists. The manual has detailed information about Wexford's policies for the provision of dental care. The preface to the manual provides that: "Wexford's physicians should incorporate the tools in this manual into daily practice. . . . [But these policies] do not replace sound clinical judgment, nor are they intended to strictly apply to all patients." (P.'s Resp. Ex. 4 (the manual at 2).) Ghosh "testified that he knew of Wexford's written dental policies and that he had to 'make sure that these things are being done and seen by dentists,' but did not 'review[] them that critically' or question the judgments of the dentists." (P.'s SOF ¶ 8, ECF No. 99; Ds.' Resp to P.'s SOF ¶ 8, ECF No. 108.)

The Dental Director at Stateville for at least the last 20 years has been Dr. Jackie Mitchell, who works for IDOC, not Wexford. Ghosh testified that Mitchell was responsible for ensuring that Wexford's manual was followed by Wexford dentists at Stateville. But Wexford's 30(b)(6) deponent, Dr. Darlene Clark, testified that IDOC employees such as Mitchell do not have access to Wexford policies, so someone else would have to ensure that the Wexford dentists comply with Wexford policies.

### III. LEGAL STANDARD

Summary judgment is appropriate when the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009). The court construes all facts and makes all reasonable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate when the nonmoving party is unable to establish the existence of an essential element of its case on which it will bear the burden of proof at trial. *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012).

### IV. ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners" constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Dental care is a type of medical care subject to constitutional protection. *See Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005).

#### A. Ghosh

Defendants argue that McDonald has not demonstrated that Ghosh was sufficiently involved in McDonald's care to be held liable for its inadequacy. An individual cannot be held liable under § 1983 merely because of his or her role as a supervisor. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). However, numerous Seventh Circuit cases have held that "a supervisor may be liable when he turns a blind eye to an inmate's letters requesting medical treatment." *Keller v. Elyea*, 2012 WL 5869308, *1 (Nov. 21, 2012); *see also Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999).

6

Ghosh knew of McDonald's complaint but did nothing to ensure that McDonald was receiving adequate care. Ghosh admits that was given McDonald's grievance alleging inadequate care, and that he responded with a memorandum to the grievance counselor. Despite his contractual obligation to ensure that McDonald's care was adequate, he did not review the substance of McDonald's records to see if the care provided was adequate, nor did he note that his review did not address this critical issue or make sure someone who was capable of such a review conducted one. Given Ghosh's contractual obligations and the information provided to him by McDonald, a jury could reasonably conclude that Ghosh understood the substantial risk to McDonald's health, and disregarded the risk when he failed to do anything to guarantee that McDonald received further treatment.

### B. Wexford

In order for a corporate defendant, such as Wexford, to be liable under § 1983, the violation of the plaintiff's rights must be caused by a policy, practice, or custom of the defendant. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n. 6 (7th Cir. 2002). A corporate defendant violates an inmate's rights if it maintains a policy or practice "that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Estate of Novack ex rel. v. Cnty. of Wood*, 226 F.3d 525, 530 (7th Cir. 2000).

> The usual way in which an unconstitutional policy is inferred, in the absence of direct evidence, is by showing a series of bad acts and inviting the court to infer from them that the policymaking level of [the defendant] was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of subordinate officers.

*Jackson v. Marion Cnty.*, 66 F.3d 151, 152 (7th Cir. 1995). The "policy or practice must be the direct cause or moving force behind the constitutional deprivation." *Id.* (internal quotations omitted). A corporation can be liable for its policy or practice of failing to supervise if its failure

7

constitutes deliberate indifference. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820-21 (1985).

In its motion for summary judgment, Wexford argues that McDonald has produced no evidence to suggest either that Wexford has a policy sanctioning the infringement of prisoners' rights or that any such policy was the moving force behind McDonald's alleged injury. The question is whether Wexford's admitted practices of not ensuring that the dental care at Stateville was adequate and not supervising the care provided, despite its contractual obligations, sanctioned and caused the inadequate care McDonald received. McDonald has provided sufficient evidence of a practice of insufficient supervision, to survive summary judgment.

The bulk of the parties' pleadings relate to whether McDonald has provided enough evidence of any practice by Wexford that could support a finding of liability for deliberate indifference. Defendants are not disputing the adequacy of McDonald's care, but they have disclaimed responsibility, arguing Mitchell was responsible for the dental care at Stateville. McDonald has provided sufficient evidence that Ghosh and Wexford were responsible for ensuring adequate care and supervising the care provided, but had a practice of not doing so. Ghosh has admitted that, as a practice, he was not ensuring that Wexford's manual or contract were followed. Had Wexford's manual and contract been followed, it appears that McDonald would have been provided adequate care. A reasonable jury may infer that Wexford's practice of not following its obligations was the cause of McDonald's inadequate care.

Both parties extensively discuss *Woodward.* In that case, the Seventh Circuit affirmed a jury verdict in favor of the estate of a deceased inmate who had committed suicide, against the private contractor that provided medical services in the jail. *Woodward*, 368 F.3d at 927. The defendant did not follow its written policies or its contractual obligation, and did not make any

effort to ensure that the policies were implemented. *Id.* Wexford argues that since McDonald has not brought a breach of contract claim, Wexford cannot be held "liable by virtue of its contract." (Ds.' Mem. Supp. Summ. J. at 7, ECF No. 92.) *Woodward* foreclosed this argument. It held that even though the plaintiff did not have standing to sue under the contract, defendant's non-performance of its contractual obligations and failure to implement its written policies was relevant to the Eighth Amendment claim. *Id.* at 930. In affirming the verdict for the plaintiff, the Seventh Circuit held:

> [T]here was enough evidence for the jury to conclude that [the defendant's] actual practice (as opposed to its written policy) towards the treatment of its mentally ill inmates was so inadequate that [the defendant] was on notice at the time [the plaintiff] was incarcerated that there was a substantial risk that he would be deprived of necessary care in violation of his Eighth Amendment rights.

*Id.* Wexford attempts to distinguish *Woodward* because Wexford claims it was not solely responsible for providing dental care at the facility. However, at the very least, Wexford does not disclaim responsibility for reviewing grievances, and Ghosh's admitted practice as to those grievances was not adequate to ensure adequate care for McDonald, as required by Wexford's contract.

Wexford argues that Ghosh's practice of not supervising dental care makes its contractual obligation to do so irrelevant. That can't be right. The court concludes that the evidence establishes that Wexford has a practice of not ensuring that the dental care provided at Stateville was adequate, and not supervising that care. Despite the existence of IDOC dentists and a Dental Director, it is clear that some responsibilities remained with Wexford, and that Wexford was, as a practice, not fulfilling those responsibilities. McDonald has provided enough evidence to create a question of fact as to whether Wexford's practices caused his injury and rose to the level of deliberate indifference. While Defendants may be able to show at trial that their unwritten

agreements or understandings with IDOC personnel relieved them of the obligations they hold

by contract, McDonald has produced enough evidence to allow his claim to go forward.

### V. CONCLUSION

For the reasons stated above, the court denies the motion for summary judgment.


ENTER:

_____
                    /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 25, 2013

10

EXHIBIT-D

September 12, 2013

Todd R. Burgett                          Doiakah Gray
Cassiday Schade LLP                      Register No. K-70373
20 North Wacker Drive, Suite 1000        P.O. Box 112
Chicago, IL 60606                        Joliet, IL 60434

RE: Gray v. Carter, et al.
No. 12 C 244

Dear Mr. Burgett:

   The plaintiff has submitted requests for the production of documents requesting medical policies and contracts from the defendants Imhotep Carter and Wexford HealthSource, Inc.
   In addition, the plaintiff has submitted interrogatories to Carter and Wexford.


   These documents are essential to the plaintiff and he request that the defendants provide him with a copy of the requested discovery.



DOIAKAH GRAY
PLAINTIFF
PRO SE

DOIAKAH GRAY )
V. ) Case No. 12 C 244
IMHOTEP CARTER, et al )

### CERTIFICATE OF SERVICE

On September 27, 2013, the Plaintiff, Doiakah Gray caused a copy of the Plaintiff's MOTION FOR AN ORDER COMPELLING DISCOVERY to be sent to: TODD R. BURGETT CASSIDAY SCHADE LLP 20 NORTH WACKER DRIVE, SUITE 1000 CHICAGO, IL 60606.

DOIAKAH GRAY
PLAINTIFF
PRO SE

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27 DAY OF SEPTEMBER 2013

NOTARY PUBLIC

OFFICIAL SEAL
TYNEER N. BUTLER-WINTERS
Notary Public - State of Illinois
My Commission Expires Jan 20, 2015